D. GILL SPERLEIN, SBN 172887
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94114
Telephone: (415) 404-6615
Facsimile:  (415) 404-6616
gill@sperleinlaw.com

LAWRENCE G. WALTERS, FL SBN 776599 (*pro hac vice* pending)
WALTERS LAW GROUP
195 West Pine Ave.
Longwood, FL  32750
Telephone: (407) 975-9105
larry@firstamendment.com

Attorneys for Plaintiffs
George Davis and Oxane "Gypsy" Taub

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| GEORGE DAVIS and OXANE "GYPSY" TAUB,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>CITY and COUNTY of SAN FRANCISCO and the SAN FRANCISCO POLICE DEPARTMENT<br>　　　　Defendants | Case №<br><br>**COMPLAINT FOR VIOLATIONS OF FIRST AMENDMENT AND DUE PROCESS RIGHTS PURSUANT TO 42 U.S.C. §§1983**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　　Plaintiffs GEORGE DAVIS and OXANE "GYPSY" TAUB and are political activists with a long history of advocating for what can generally be referred to as "body

freedom." The concept of body freedom can encompass a wide array of ideas, but the fundamental theme is that the human body is beautiful in all of its forms.

2. DAVIS and TAUB are currently engaged in separate but related litigation against the City and County of San Francisco (hereinafter referred to as "CCSF" and the San Francisco Police Department (hereinafter referred to as "SFPD') challenging the unconstitutional enactment and enforcement of a San Francisco Police Code §154, which is commonly referred to as the nudity law.

3. As part of their activism, Plaintiffs have organized a parade on September 26, 2015. However, the City and County of San Francisco and the San Francisco Police Department unlawfully denied Plaintiffs' duly-filed parade permit application.

4. This Complaint and subsequently filed motion for Temporary Restraining Order, seek an injunction directing the CCSF and SFPD to issue a parade permit to Plaintiffs and allow the September 28th parade to proceed.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. Each and all of the acts alleged herein were done by Defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of CCSF and SFPD.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

## INTRADISTRICT ASSIGNMENT

7. The Court previously assigned a related action to the Honorable Edward M. Chen sitting in the San Francisco Division. A notice of related case is filed concurrently with the Complaint.

## THE PARTIES
### (Plaintiffs)

8. Plaintiff Oxane "Gypsy" Taub is a natural person. Motivated by her moral, spiritual, and political beliefs, Taub regularly engages in pro-nudity / body acceptance speech activities within and outside of the City of San Francisco. These speech activities include hand-to-hand leafleting, education, organizing and participating in rallies, picketing, and writing, producing, and appearing in educational programs about body acceptance primarily by and through her website MyNakedTruth.TV.

9. Plaintiff George Davis is a natural person. Motivated by his moral, spiritual, and political beliefs, Davis regularly engages in pro-nudity / body acceptance speech activities within and outside of the City of San Francisco. These speech activities include hand-to-hand leafleting, education, organizing, campaigning, engaging in political debates in the nude, participating in rallies, picketing, and writing, various books on nudism, including *Naked Yoga*, *Weapons of Mass Deception*, and contributions to *Free Your Body, Free Your Mind*. DAVIS has also run for several political offices as a "nude candidate" including mayor in 2007 and district 6 Supervisor in 2010, and district 8 supervisor in 2014.

### (Defendants)

10. Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal corporation organized under the laws and Constitution of the State of California, and is a

corporate entity capable of suing and being sued. Defendant CITY AND COUNTY OF SAN FRANCISCO maintains and operates the City of San Francisco Police Department which in the first instance, is responsible for the enforcement of the ordinance in question and the various arrests, citations, and threats of arrest or citation.

11. Defendant SAN FRANCISCO POLICE DEPARTMENT is an agency under the control of Defendant CITY AND COUNTY OF SAN FRANCISCO and engaged in all actions alleged herein according to official policy the Defendant CITY AND COUNTY OF SAN FRANCISCO.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated here.

13. CCSF requires the issuing of a permit before marchers can occupy public roadways.

14. Desiring to organize a September 26, 2015 parade, George Davis on behalf of himself, Plaintiff Oxane "Gypsy" Taub, and an informal group of body freedom activists, submitted a parade permit application to the SFPD on July 20, 2015, a copy of which is attached as **Exhibit A**.

15. Nearly a month later, on August 18, 2015, SFPD finally responded by issuing a "Permit Recommendation" signed by Captain Dan Perean, Star Number 475, Commanding Officer of the Mission Police Station and Avery Parker, Star Number 305, Permit Officer of Mission Police Station, a copy of which is attached as **Exhibit B**, which read as follows:

> "The event for which you are seeking a permit would not be a parade and therefore does not require a permit. The Police Department does

-4-

COMPLAINT

not require Parade permits for events with such a small number of people. Given the number of participants and the route proposed, the event can take place on the sidewalk."

16. On September 1, 2015, Plaintiffs' counsel wrote a letter to the Chief of Police requesting that the application be processed and that the permit be issued, a copy of which is attached as **Exhibit C**. In the letter, counsel pointed out that the San Francisco Police Code does not require a minimum number of attendees for a parade and therefore does not allow SFPD to refuse to process an application for a permit because an event can take place on the sidewalk.

17. Counsel also requested information amount the minimum number of attendees required to obtain a parade permit and documentation of the authority of SFPD to deny a parade permit application because the sponsors did not anticipate a sufficient number of attendees.

18. The Chief of Police did not respond.

19. On September 16, 2015, Plaintiffs' counsel wrote a second letter to the Chief of Police explaining that since the Police Chief failed to issue a permit or to respond to the September 1st letter, Plaintiffs considered the permit granted by operation of law. A copy of this correspondence is attached as **Exhibit D**.

20. On September 18th SFPD responded to counsel's letters by e-mail stating that SFPD stood by its position, a copy of which is attached as **Exhibit E**. The email provided no information about the minimum number of attendees required to obtain a parade permit.

21. Plaintiffs immediately filed an emergency appeal of the denial to the San Francisco Board of Supervisors' Committee on Parades, a copy of which is attached as **Exhibit F**.

22. The Board of Supervisors' rejected the appeal stating that the next meeting of the Committee with authority to hear the Appeal would not meet again until October 1, 2015 – a date subsequent to the Plaintiffs' planned parade. A copy of the appeal decision is attached as **Exhibit G**.

23. Plaintiffs are informed and believe and based thereon allege that CCSF and SFPD do not have any written standards requiring a minimum number of attendees to be eligible to obtain a parade permit.

24. The San Francisco Police Code provides no details or standards for filing an appeal to the Committee on Parades. No such committee exists, rather the duties of the committee have been reassigned to the Public Safety and Neighborhood Services Committee. No criteria or guidelines exist to limit the discretion of any committee with authority to render a decision on an appeal. Plaintiffs are informed and believe and based thereon allege that there is no readily available public information about how to file an appeal of the denial of a parade permit other than what is set forth in Article 4 of the San Francisco Police Code.

25. The parade intended to be conducted by Plaintiffs on September 26, 2015 involves core speech protected by the First Amendment.

26. As a direct and proximate cause of the constitutional violations described herein, Plaintiffs have suffered damages which are compensable under 42 U.S.C. § 1983.

27. All conditions precedent to the bringing of this action have been performed, waived, or excused.

# COUNT ONE
## Facial Challenge to San Francisco Police Code, Article 4
## Based upon Unbridled Discretion

28. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

29. Article 4 of the San Francisco Police Code makes it unlawful for any person to sponsor a parade unless a permit has been issued for the event, or for any person to participate in such an event with the knowledge that the sponsors of the event have not been issued the required permit or with the knowledge that a permit has been issued and subsequently revoked.

30. Article 4 of the San Francisco Police Code defines a parade as an event, not including an athletic event, in which a group of persons proceed as a collective body for more than one block on any street in the City and County of San Francisco, whether on foot or in any type of vehicle or on an animal or animals, which event obstructs or interferes with the normal flow of vehicular traffic.

31. Accordingly, CCSF and SFPD require a permit to march in the street.

32. Article 4 of the San Francisco Police Code sets forth the only conditions which may be the basis for the denial of a parade permit but does not include a minimum number of attendees condition. Plaintiffs meet all of the conditions other than the minimum number of attendees condition.

33. Article 4 of the San Francisco Police Code does not explain at all that a minimum number of attendees is required in order to obtain a parade permit, nor does is set forth the minimum number of attendees required in order to obtain a parade permit.

34. Defendants have refused to issue Plaintiffs a parade permit based on their understanding that Article 4 of the San Francisco Police Code, allows SFPD to refuse a parade permit unless a minimum number of attendees are expected to attend.

35. Instead of issuing a permit, SFPD has rerouted Plaintiffs' event to take place exclusively on the sidewalk, which by definition makes the event something other than a parade.

36. Plaintiffs are unable to effectively communicate their constitutionally protected messages to their intended audience if they are restricted to conducting the event only on a sidewalk.

37. The failure of Article 4 of the San Francisco Police Code to set forth the minimum number of participants required to prevent the SFPD from rerouting the parade to a sidewalk march provides the SFPD with unbridled discretion to restrict First Amendment protected activities, and is therefore unconstitutional on its face.

### COUNT TWO
### Unconstitutional Prior Restraint Pursuant to 42 U.S. §§ 1983, 1988

38. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

39. If Article 4 of the San Francisco Police Code, requires a permit to parade in the street, but does *not* allow the SFPD to refuse a permit unless a minimum number of attendees

are anticipated to participate, then Defendants have arbitrarily inserted a condition not found in the City Code and have therefore imposed a facially unconstitutional prior restraint on Plaintiffs' constitutionally protected free speech rights.

40. Article 4 of the San Francisco Police Code relating to parade permits fails to afford minimal procedural safeguards mandated by the First Amendment such as the right to a decision within a specified, brief time frame, limits on the discretion of the decision-makers, and the right to prompt judicial review.

### COUNT THREE
### As Applied Challenged to Plaintiffs' Enforcement of Article 4 of the San Francisco Police Code

41. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

42. By denying Plaintiffs parade permit application, Defendants have applied Article 4 of the San Francisco Police Code in an unconstitutional manner in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

### COUNT FOUR
### Violation of the First Amendment to the U.S. Constitution
### Unconstitutional Viewpoint Discrimination

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

44. Defendants have a history of harassing Plaintiffs and other members of their informal group of body freedom activists.

45. Defendants have imposed a minimum number of attendees requirement upon Plaintiffs because Defendants oppose their message and the means in which they chose to advocate.

46. Plaintiffs are informed and believe that Defendants have not imposed a minimum number of attendees requirement upon others seeking a parade permit.

47. Accordingly, Defendants have engaged in unconstitutional viewpoint discrimination that is repugnant to the First Amendment of the United States Constitution.

## COUNT FIVE
### Violation of the First Amendment to the U.S. Constitution
### Discrimination Based on the Identity of the Speakers

48. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

49. Defendants' denied Plaintiffs' parade permit application based on their identity, and their past interactions with the Defendants.

50. Denial of a parade permit based on the identity of the speaker is a violation of the First and Fourteenth Amendments to the United States Constitution.

## JURY DEMAND

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

**WHEREFORE**, Plaintiffs George Davis and Oxane "Gypsy" Taub respectfully requests the following relief:

(1) That the Court enter a judgment against Defendants;

(2) That the Court enter a declaratory judgment declaring the acts of the Defendants to be a violation of Plaintiffs' constitutional rights to freedom of speech, freedom to peacefully assemble, freedom to petition their government, equal protection, and due process;

(3) That the Court issue a declaratory judgment declaring that Defendant City's and County of San Francisco's Police use of a minimum number of participants as a basis for denying a parade permit application is unconstitutional both on its face and as applied;

(4) That the Court issue a temporary restraining order, and a preliminary and permanent injunctions enjoining Defendants, their agents, servants, employees, and officers from enforcing denying a parade permit based on a requirement that there is not a sufficient number of expected participants;

(5) That the Court award Plaintiffs such compensatory damages as may be demonstrated or in the alternative, nominal damages;

(6) That the Court award Plaintiffs costs, interests, and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and

(7) That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Dated: *September 22, 2015*     Respectfully submitted,

*/s/ D. Gill Sperlein*
_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

LAWRENCE G. WALTERS, *pro hac vice* pending
WALTERS LAW GROUP

Attorneys for Plaintiffs George Davis and
Oxane "Gypsy" Taub